ALBERT REED *vs.* INHABITANTS OF SCITUATE.

In an action against a town to recover for work done under a contract in building a road, the plaintiff under a general count may recover the value of the work, provided it was done in good faith and is beneficial to the defendants, although the contract has not been fully performed.

If, in such action, the plaintiff seeks to recover the contract price, on the ground that the road has been accepted by the town, it is erroneous to rule that, if the road was ordinarily used for travel by the public before the time limited for its completion, with the knowledge and consent of the selectmen or highway surveyors, it is competent for the jury to infer from this fact that the town had adopted and accepted it. Highway surveyors have no authority so to accept a road.

County commissioners can only accept a road which they have ordered to be built by a town, when acting together, and by a majority vote.

If county commissioners, in their specifications of the manner of constructing a road, have provided that "the gravel on the whole distance, or any part thereof, must be on a regular inclined plane of not more than twelve inches in twenty feet," and that the whole road be made "hard, durable, safe and convenient," the former stipulation is not qualified by the latter; and it is not a sufficient compliance with the specifications, to build a road which is safe and convenient, if it is of higher grade than that specified.

CONTRACT to recover for work done by the plaintiff under a contract with the defendants in building a road. The writ was dated September 4, 1860. The 1st count alleged that the plaintiff agreed to build the road according to specifications furnished

by the defendants, for a certain price, and that he comp eted the same according to the specifications, and it was accepted by the county commissioners, and there was due to the plaintiff one half of the whole sum agreed upon, to wit: the sum of $876.30. The 2d count alleged that the defendants owed the plaintiff the sum of $1752.60, for work done by him in building a road. The specifications of the county commissioners, under whose order the town undertook to build the road, were annexed to the declaration, and provided, amongst other things, as follows: " The gravel on the whole distance, or any part thereof, must be on a regular inclined plane of not more than twelve inches in twenty feet. And the commissioners further order that the whole of said road be made hard, durable, safe and convenient, for travellers to pass over with their horses, teams, carts and carriages; and that it be so worked and made by said town of Scituate to the acceptance of the county commissioners, by the 1st day of November A. D. 1860." The selectmen also made certain " specifications in addition to those of the county commissioners," in contracting with the plaintiff, and stipulated further that the road should be completed to the satisfaction of the selectmen, by the time named. The defence was, that the road had not been built according to the specifications; that it had not been accepted by the county commissioners, and was not satisfactory to the selectmen.

At the trial in the superior court, before *Vose*, J., it appeared that after the plaintiff had, as he considered, completed the road, he notified the county commissioners thereof, and desired them to view and accept it; whereupon Thomas Southworth, the chairman, went to Scituate for that purpose, stopping on his way at the house of Mr. Paine, one of the commissioners, who, being sick and unable to attend, informed the chairman that he would concur in any opinion which the chairman might form, and authorize the latter to give a certificate accepting the road. Paine had seen the road a few weeks before, while the plaintiff was working upon it. Southworth proceeded to Scituate, and there joined Mr. Prouty, another of the commissioners, who lived in Scituate, and they, on the 4th of August, went over the

road together, and Southworth was satisfied with it, and made and signed a certificate as follows : " To the selectmen of the town of Scituate : Gent : The highway in your town laid out on petition of Amos T. Curtis and others, and built by Mr. Albert Reed, has been graded and worked to the satisfaction of the county commissioners. Tho's Southworth, Ch'm C. C. Scituate, August 4th 1860." This certificate was left with Prouty, who delivered it to the plaintiff. All of the selectmen of the town viewed the road on the 6th of August, and all were dissatisfied with the construction of it.

There was more or less travel upon the road, by the inhabitants of the town and others, while the plaintiff was at work thereon, and after August 4th, when he alleged that he completed the same.

The judge instructed the jury that, in order to recover on the 2d count, the plaintiff must prove that he had in good faith done what he thought to be a compliance with the contract, and had built a road of some value and benefit to the defendants, and that the defendants had adopted and accepted the road so built ; that it was not necessary to show any formal vote or corporate act of the town, or of any agent specially authorized by the town, to accept it ; but, if the road was opened for travel by the selectmen, prior to the commencement of this suit, or was ordinarily used for travel by the public, between the 4th of August and the 4th of September, with the knowledge and consent of the selectmen or the highway surveyors, this was a fact from which it was competent for the jury to infer that the town had adopted and accepted the road ; and if the road was then used with the knowledge of the selectmen or surveyors, and they omitted to give notice to the public that the road was not a public highway, or to close the same against the public, these were facts from which the jury might presume their assent to such use of the road ; and that the facts proved showed a valid acceptance by the county commissioners.

It was not contended by the plaintiff that the grades of the road were on a regular inclined plane of not more than twelve inches in twenty feet ; and the judge instructed the jury that

the specifications of the commissioners did not require that the grades should be worked down so that the rise or fall should not exceed one foot in twenty, but that they should be so worked that the road should be safe and convenient.

The jury returned a verdict for the plaintiff, on the 2d count, with $760.82 damages; and, in reply to questions put by the judge, stated that they found specially that the road was not constructed to the satisfaction of the selectmen; and that it was adopted or accepted by the town, prior to the commencement of the action. The defendants alleged exceptions.

*E. Ames & P. Simmons,* for the defendants.

*A. L. Cushing,* for the plaintiff.

CHAPMAN, J. The doctrine established in *Hayward* v. *Leonard*, 7 Pick. 181, that a party may recover for the value of work done under a special contract in the erection of a structure fixed to real estate, though the contract has not been fully performed, provided it has been done in good faith and is beneficial to the defendant, has been applied by the court to work done under contracts with towns in the construction of highways, under orders of the county commissioners. *Snow* v. *Ware*, 13 Met. 42. *Walker* v. *Orange*, 16 Gray, . And the application of the rule to the plaintiff's claim under his second count was correct. In the latter case, the distinction is stated between this class of cases and the case of *McCarren* v. *McNulty*, 7 Gray, 139.

But the ruling that if the highway " was ordinarily used for travel by the public, between the 4th of August and the 4th of September, with the knowledge and consent of the selectmen or the highway surveyors, this was a fact from which it was competent for the jury to infer that the town had adopted and accepted the road," was incorrect, so far as it related to the knowledge or consent of the highway surveyors. These officers had nothing to do with the adoption or acceptance of the way. . Their duties related merely to existing ways; and as they had no notice from the plaintiff on the subject, the only inference they could draw from the fact that the highway was kept open, so that any one who pleased might travel over it, would be that the plaintiff was

keeping it open for his own convenience in finishing it, the time for completing it not having at that time elapsed. The selectmen were the agents of the town for making the contract with the plaintiff, and for accepting the work; yet the ruling would enable the plaintiff to bind the town to its acceptance by the implied assent of highway surveyors, though it should be proved that the selectmen had refused to accept it, and given notice of their refusal to the plaintiff.

It had not been accepted by the county commissioners, for they can only act together, and by a majority vote. *Merrill* v. *Inhabitants of Berkshire*, 11 Pick. 273.

We think also that the clause in the specifications of the commissioners referred to, viz: "the gravel on the whole distance, or any part thereof, must be on a regular inclined plane of not more than twelve inches in twenty feet," was not rightly interpreted. Probably the word "gravel" is a clerical error, and should be "grade." But as it is in the copy annexed to the declaration without change, its meaning is the same; and it requires more than that the road shall be so worked that a jury may consider it safe and convenient. For a much higher grade than this may be safe and convenient; and the commissioners have exclusive authority to determine what the grade shall be.

*Exceptions sustained.*